NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL MORALES, | No. 17-56724 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:14-cv-00699-AG-DFM |
| NEWPORT-MESA UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

Crystal Morales appeals the district court's orders affirming the California

Office of Administrative Hearings ("OAH")'s decision and granting summary

judgment in favor of Newport-Mesa Unified School District ("Newport-Mesa").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

 1.     Morales is a former student of Newport Harbor High School in Newport Beach who, halfway through her senior year, was hit by a car, resulting in life-threatening injuries and traumatic brain injury. After graduating from high school, Morales, through her mother, filed a petition with the OAH alleging various violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*.[1] The Administrative Law Judge ("ALJ") concluded that Newport-Mesa failed in its child find duties because, despite having notice about the traumatic brain injury, Newport-Mesa failed to offer Morales's mother an assessment plan to determine Morales's eligibility for special education. The ALJ therefore concluded that Newport-Mesa denied Morales a free appropriate public education ("FAPE"). The ALJ also concluded that there were no other procedural violations that denied Morales a FAPE and that, for the purposes of the IDEA, Morales graduated with a valid high school diploma. On the basis of the child find violation, the ALJ awarded 40 hours of tutoring (valued at $2,600), a vocational assessment, and an assistive technology assessment.

Morales timely filed a complaint with the district court, challenging OAH's rulings against her and bringing a claim under Section 504 of the Rehabilitation

---

[1] Morales also argued that Newport-Mesa denied her rights under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and state civil right laws. OAH dismissed these claims for lack of jurisdiction under the IDEA.

Act, 29 U.S.C. § 794. The district court affirmed the OAH decision in full and granted Newport-Mesa's motion for summary judgment on the Section 504 claim. Reviewing the district court's conclusions of law and summary judgment order de novo, and its findings of fact for clear error, *see Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1118 (9th Cir. 2016), *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016), we affirm both rulings.

**2.** First, we agree with the district court's conclusion that the administrative findings merit substantial weight because they were "thorough and careful." *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1031 (2006) (per curiam). The ALJ's decision "contains a complete factual background as well as a discrete analysis supporting the ultimate conclusions." *Id*. (citing *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996)). The record supports the ALJ's determination that Morales's mother received the procedural safeguards required under 34 C.F.R. § 300.504, and that any other procedural violations of Morales's rights were harmless for the reasons identified by the ALJ. *See R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007) ("A procedural violation does not constitute a denial of a FAPE if the violation fails to result in a loss of educational opportunity." (internal quotation marks and alterations omitted)).

The ALJ also properly concluded that Morales cannot challenge Newport-

3

Mesa's waiver of graduation requirements as a denial of a FAPE under the IDEA. *See Wyner ex. rel. Wyner v. Manhattan Beach Unified Sch. Dist.*, 223 F.3d 1026, 1028–29 (9th Cir. 2000) (noting that California Education Code § 56501(a) provides for jurisdiction for only "due process" claims that arise under the IDEA). The IDEA "requires an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances," but it does not impose objective standards on a student's high school diploma. *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 1001–02 (2017).

We also affirm the ALJ's award of some compensatory education services. Given Morales's generalized request for "academic services, transition services, related services, and mental health services," the ALJ did not abuse her discretion in relying on Dr. Nancy Merkel's recommendation of the Fusion Learning Academy. *See Park*, 464 F.3d at 1033. On appeal, Morales failed to articulate the exact services she was requesting, and, as noted in *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, Morales's graduation weighs heavily against expanding the remedy already awarded. 31 F.3d 1489, 1497 (9th Cir. 1994).

**3.** Lastly, the district court did not err in granting summary judgment on Morales's Section 504 claims. Morales has not shown how Newport-Mesa's alleged failure to accommodate her was the result of intentional discrimination or

deliberate indifference. *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). Specifically, Morales has not shown a triable issue of fact as to whether Newport-Mesa waived graduation requirements or failed to provide a Section 504 assessment *solely* on the basis of her disability. *Id*.; *see also K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013) (noting that "[t]he causal standard for the Rehabilitation Act is even stricter [than Title II], requiring a plaintiff to show a denial of services solely by reason of disability." (internal quotation marks and citation omitted)).

While we are sympathetic to Morales's situation, we are cognizant of the Supreme Court's admonition that courts not "substitute their own notions of sound educational policy for those of the school authorities which they review." *Endrew F.*, 137 S. Ct. at 1001 (citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. Westchester Cty. v. Rowley*, 458 U.S. 176, 206 (1982) (quotation mark omitted)). We are also wary of the possibility of school districts acting with less good faith and pushing students like Morales out the door when they would otherwise qualify for special needs education and related services. Under the circumstances presented in this record, however, we affirm the district court's judgment in all respects.

**AFFIRMED.**